NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAFAEL YURISAN ESPINOSA GONZALEZ ANLEO,<br><br>Petitioner,<br><br>v.<br><br>WARDEN *et al.*,<br><br>Respondents | No. 26cv2818 (EP)<br><br>**OPINION** |

**PADIN, District Judge.**

This matter comes before the Court on Petitioner Rafael Yurisan Espinosa Gonzalez Anleo's Verified Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, D.E. 1 ("Petition"), seeking release from alleged unlawful detention by immigration authorities. Respondents filed an answer to the Petition. D.E. 6 ("Answer"). Petitioner also filed a motion for release. D.E. 6 ("Writ"). The Court, having reviewed all pleadings, motions, and supporting documents, and having determined that oral argument is unnecessary, *see* Fed. R. Civ. P. 78(b), L. Civ. R. 78.1(b), finds that Petitioner is unlawfully detained and entitled to release.

I.      BACKGROUND

Petitioner, a citizen of Cuba, entered the United States at the Mexico-United States border without inspection in January, 2024, and has lived here since then. Petition at 2, 6; Answer at 2; D.E. 6-1, Ex. A at 2. Petitioner was arrested by U.S. Immigration and Customs Enforcement ("ICE") on March 12, 2026.[1]   Answer at 2. According to ICE, Petitioner is detained without bond

_____

[1] The Court notes that the Petition states that Petitioner was arrested on March 10, 2026. *See* Petition at 1–2. This appears to be an error, as the Form I-213 states that he was detained on

under 8 U.S.C. § 1225(b)(2), pursuant to *Matter of Yajure Hurtado*, 29 I&N Dec. 215 (BIA 2025). ICE does not dispute that Petitioner lacks a criminal history in the United States.  D.E. 6-1, Ex. B at 7.  Petitioner asserts that the proper remedy for his unlawful detention without an individualized assessment that he poses a flight risk or danger to the public is immediate release from confinement and permanently enjoining his re-arrest under 8 U.S.C. § 1225(b).  Petition at 8–10.

## II.    DISCUSSION

### A.    Jurisdiction

The Court has jurisdiction under 28 U.S.C. § 2241(c)(3) to grant a writ of habeas corpus to a person in custody in violation of the Constitution, laws, or treaties of the United States.  *See Demore v. Kim*, 538 U.S. 510, 517 (2003).  "[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. I, § 9, cl. 2).  A habeas petitioner has "the burden of sustaining his allegations by a preponderance of evidence."  *Walker v. Johnston*, 312 U.S. 275, 286 (1941).  District courts also have jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States" pursuant to 28 U.S.C. § 1331, and the ability to grant equitable relief in the absence of an exclusive statutory review scheme.  *See Semper v. Gomez*, 747 F.3d 229, 235 n.2, 242 (3d Cir. 2014).

### B.    Petitioner Is Unlawfully Detained Pursuant to 8 U.S.C. § 1225(b)(2)(A), in Violation of his Fifth Amendment Right to Due Process

Petitioner contends that Respondents have deprived him of his Fifth Amendment liberty interest by detaining him without a hearing to determine whether his ongoing detention is justified. Petition at 8–10.  Petitioner further contends Respondents' actions in detaining him for removal

---

October 21, 2025.  *See* D.E. 6-1, Ex. B at 6.  The Court need not, however, definitively resolve this issue given that the precise date of Petitioner's detention is not material to the Court's analysis.

were arbitrary and capricious and without observance of procedures required by law, in violation of the Administrative Procedures Act, 5 U.S.C. § 706(2)(A)–(D). *See id.* at 3. There are a vast number of district court decisions rejecting the Board of Immigration Appeals' statutory interpretation of 8 U.S.C. § 1225(b)(2), which permitted his mandatory re-detention without a bond hearing. Petition at 6 (citing *Patel v. Almodovar*, No. 25-15345, 2025 WL 3012323 (D.N.J. Oct. 28, 2025); *Bethancourt Soto v. Soto*, 807 F. Supp. 3d 397 (D.N.J. Oct. 22, 2025); *Castillo v. Lyons*, No. 25-16219, 2025 WL 2940990 (D.N.J. Oct. 10, 2025); *Zumba v. Bondi*, No. 25-14626, 2025 WL 2753496, at *7–9 (D.N.J. Sept. 26, 2025)).

Respondents filed an answer to the Petition. Answer. Respondents contend that Petitioner is lawfully detained under § 1225(b)(2) because he entered the country without inspection or parole and was initially detained by immigration authorities in the interior of the country without having been lawfully admitted. *Id.* at 1 n.1. However, Respondents acknowledge that their answer to this Petition relies on the same statutory interpretation arguments made, and rejected, in the prior § 1225(b)(2) matters in this District and further acknowledge that this Petition asserts facts similar to those prior cases. *Id.* For the same reasons stated by this Court in *Lomeu v. Soto*, No. 25-16589, 2025 WL 2981296 (D.N.J. Oct. 23, 2025) and the cases cited by Petitioner, the Court holds his mandatory detention under § 1225(b)(2) violates the statute and his Fifth Amendment right to due process.

Petitioner contends that the only proper remedy is his release because he was not taken into custody under the procedures required by 8 U.S.C. § 1226(a) for discretionary detention. Petition at 8–10; Writ at 3. The Court agrees. *See, e.g.*, *Bethancourt Soto*, 807 F. Supp. 3d at 397 ("In short, Petitioner's detention under § 1225(b)(2)(A) . . . violates his procedural due process rights. As Respondents have not argued in the alternative that Petitioner should be detained under

§ 1226(a), the Court cannot construe the record to authorize his continued detention on that basis. Accordingly, the Court will order Petitioner's immediate release."); *Lliguicota v. Cabezas*, No. 25-17216, 2025 WL 3496300, at *2 (D.N.J. Dec. 5, 2025) (ordering immediate release where the "record contain[ed] no indication that Petitioner received any individualized assessment of flight risk or danger, and Respondents ha[d] not identified any basis under § 1226(a) that could support Petitioner's continued detention"); *Lopez v. Benitez*, 795 F. Supp. 3d 475, 497 (S.D.N.Y. 2025) ("[G]iven the nature of the constitutional violation Mr. Lopez Benitez sustained here—i.e., Respondents' failure to conduct any kind of individualized assessment *before* detaining him—any post-deprivation review by an immigration judge would be inadequate."); *see also Boumediene v. Bush*, 553 U.S. 723, 779 (2008) ("[T]he habeas court must have the power to order the conditional release of an individual unlawfully detained—though release need not be the exclusive remedy and is not the appropriate one in every case in which the writ is granted.").

## III.    CONCLUSION

Petitioner is unlawfully detained under § 1225(b)(2)(A).  The statute and his constitutional right to due process require his release from unlawful detention.  The Court will accordingly **GRANT** the Petition and the Writ.  Respondents shall release Petitioner by 4:00 p.m. on April 3, 2026.  If Respondents subsequently arrest Petitioner by warrant under § 1226(a), they must afford him a bond hearing pursuant to 8 C.F.R. § 236.1(d).

An appropriate Order follows.


Dated:  April 1, 2026


/s/ Evelyn Padin
_____
Evelyn Padin, U.S.D.J.

4